[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
After a bench trial, David Crutcher was convicted of burglary, in violation of R.C. 2911.12(A)(1). In two assignments of error, Crutcher challenges the weight and sufficiency of the evidence used to convict him. We have reviewed the record and found no support for either assignment of error.
If the record contains substantial evidence to support all of the elements of the charged offense, and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence. See Statev. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. Barbara Ross testified that Crutcher came to her mother's apartment and told her he worked for Westmont Lane Center. Crutcher gave her a flier and wanted to know if she would be interested in the center's swimming lessons for her children. Crutcher was "very convincing." The apartment manager testified that she did not know Crutcher and that he did not have any connection to the center or its swimming lessons.
Crutcher asked Ross if he could use the bathroom. "He said he had to use the bathroom real bad. He said the lady's house he was at before wouldn't let him use the bathroom because I guess she was nervous about her fish tank being in the bathroom and it would break or something like that." Ross gave Crutcher permission to use the bathroom. Crutcher told Ross there was no toilet paper, so she had her niece hand him some. Crutcher returned to the bathroom.
A few minutes later, Ross noticed that the bathroom was empty, so she ran to the master bedroom. Ross saw Crutcher ransacking the bedroom's walk-in closet. Ross confronted Crutcher and accused him of robbery. When Ross tried to push Crutcher out of the house, Crutcher pushed and punched her, causing her to fall. When Crutcher hit Ross, he broke her glasses, giving her a cut over her eye and producing swelling on her face. Then Crutcher ran out of the apartment.
Sufficient evidence was presented from which the trier of fact could conclude that Crutcher trespassed in the apartment by means of stealth or deception with purpose to commit a criminal offense. We hold both that there was substantial evidence to satisfy all of the elements of the offense of burglary, and that the evidence was sufficiently probative of guilt beyond a reasonable doubt. Therefore, we overrule both assignments of error and affirm the judgment of the trial court.
Gorman, P.J., Painter and Winkler, JJ.